IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ACUMENT GLOBAL TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>MALLINCKRODT ARD, INC., *et al.*,<br><br>Defendants. | Civil Action No: |

**MALLINCKRODT DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027, Defendants Mallinckrodt ARD LLC (fka Mallinckrodt ARD Inc.) and Mallinckrodt plc (collectively, "Mallinckrodt" or the "Debtors") hereby give notice of removal of this action, *Acument Global Technologies, Inc. v. Mallinckrodt ARD Inc., et al.*, No. CT-2275-19 (Tenn. Cir. Ct.) (the "State Court Action"), from the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial Circuit at Memphis to the United States District Court for the Western District of Tennessee. Mallinckrodt provides the following statement of the grounds for removal:

**BACKGROUND**

1.      On May 21, 2019, Plaintiff Acument Global Technologies, Inc. ("Plaintiff") filed the State Court Action against Mallinckrodt and Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc. d/b/a CuraScript SP Specialty Pharmacy, Priority Healthcare Corp., Priority Healthcare Distribution, Inc. d/b/a CuraScript SD Specialty Distribution, Accredo Health Group, Inc., and United BioSource LLC f/k/a United BioSource Corp. ("UBC") (collectively, the "Express Scripts Entities"), and James A. Tumlin, MD (together, with Mallinckrodt and the

Express Scripts Entities, "Defendants") in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial Circuit at Memphis. Ex. 1 (Complaint).

2. Plaintiff alleges that the Defendants engaged in an unlawful scheme to raise the price of Mallinckrodt's Acthar® Gel ("Acthar") pharmaceutical product.

3. The claims asserted in the State Court Action centrally involve Mallinckrodt and seek to impose liability directly on Mallinckrodt. Moreover, the allegations made against the Express Scripts Entities in the State Court Action extend from the allegations that those defendants acted in concert with or at the behest of Mallinckrodt. *See, e.g.*, Ex. 1 (Complaint) ¶¶ 326-29, 350, 358, 361, 383-86, 400-04.[1] The Express Scripts Entities' defenses similarly focus on Mallinckrodt: The Express Scripts Entities have stated they will "defend[] themselves in these lawsuits by challenging Plaintiffs' abilities to hold the Express Scripts Entities liable for this alleged unilateral business conduct of the Mallinckrodt Defendants." *See* Ex. 3 (Letter from Express Scripts to Mallinckrodt ARD LLC (Oct. 14, 2020) ("Indemnity Letter")) at 2. As a result, both Plaintiff and the Express Scripts Entities would require extensive discovery from Mallinckrodt in order to pursue and defend against the claims nominally brought against the Express Scripts Entities.

4. In addition, the Express Scripts Entities assert that Mallinckrodt owes them contractual indemnity for the claims asserted against the Express Scripts Entities in the State Court Action (and all Acthar Actions) under three separate indemnity agreements. *See* Ex. 3 (Indemnity Letter) at 3-4. As with the Express Scripts Entities' defenses on the merits, the Express Scripts

---

[1] On February 21, 2020, the State Court dismissed Plaintiff's Tennessee Consumer Protection Act claim (Count III), fraud and negligent misrepresentation claim (Count V), and conspiracy with regard to the underlying claims of the Tennessee Consumer Protection Act, fraud, and misrepresentation (Count VI). Ex. 2 (Motion to Dismiss Order) at 28-29.

Entities' indemnity claims also rely upon establishing the Mallinckrodt Acthar Defendants' misconduct.

5. On October 12, 2020, Mallinckrodt commenced bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Delaware by filing voluntary petitions for relief under chapter 11 of title 11 of the U.S. Code, *In re Mallinckrodt plc, et al.*, No. 20-12522 (JTD) (the "Chapter 11 Cases").  A copy of the voluntary petitions filed by Mallinckrodt plc and Mallinckrodt ARD LLC are attached hereto as Exhibit 4.

6. On October 13, 2020, Mallinckrodt filed on the State Court Action docket a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings stating that it had filed the Chapter 11 case and the State Court Action was automatically stayed.  *See* Ex. 5.

7. In the Bankruptcy Court, contemporaneously with its Chapter 11 filing, Mallinckrodt filed a Complaint and Motion for Injunctive Relief Pursuant to 11 U.S.C. § 105, seeking relief in respect of certain pre-petition proceedings commenced against Mallinckrodt. Subsequently, on October 22, 2020, Mallinckrodt filed an Amended Complaint and Supplemental Motion for Injunctive Relief Pursuant to 11 U.S.C. § 105 (the "Supplemental Motion"), seeking relief in respect of certain pre-petition proceedings commenced against third parties inextricably bound to Mallinckrodt, including this State Court Action.  On November 23, 2020, the Bankruptcy Court granted both motions.  With respect to the Supplemental Motion, the Bankruptcy Court entered a 270-day injunction staying the plaintiffs in the Acthar Actions and other lawsuits from pursuing claims related to Acthar against certain non-debtor parties.  *See* Ex. 6 (Order Granting Supplemental Motion); Ex. 7 (Supplemental Motion Hr'g Tr.) at 43:19–44:10.  This injunction stays Plaintiff's claims in this Action against the Express Scripts Entities for 270 days.

8. In the context of granting the Supplemental Motion, the Bankruptcy Court found that it has "related to" jurisdiction over Plaintiff's claims against the Express Scripts Entities pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court held that the standard for its "related-to" jurisdiction over a proceeding is whether the proceeding "could conceivably have any effect on the estate being administered in bankruptcy." Ex. 7 (Supplemental Motion Hr'g Tr.) at 44:14-23 (quoting *Pacor v. Higgins*, 742 F.2d 984, 994 (3d Cir. 1984)). The Bankruptcy Court concluded that continuing the Acthar Actions against the Express Scripts Entities would give rise to each of the following "adverse impacts":

(1) *ESI indemnification obligations*: The Bankruptcy Court held that the risk of successful indemnity assertions based on "the [indemnity] agreements referred to by ESI" alone was a sufficient present harm, regardless of whether those indemnification claims are ultimately successful, because "prudence dictates that the debtor treat its indemnity obligations as very real and substantial." *Id.* at 46:2-20 (citing *In re Am. Film Techs.*, 175 B.R. 847, 851 (Bankr. D. Del 1994); *In re Sudbury, Inc.*, 140 B.R. 461, 464 (Bankr. N.D. Oh. 1992)).

(2) *Record taint and collateral estoppel*: The Bankruptcy Court held that "the allegations in the complaint[s] show that the claims against the Debtors and the nondebtors are inextricably intertwined, creating a risk of collateral estoppel and record taint that would require the Debtors to participate in the litigation in order to protect their interests." *Id.* at 47:10-15.

(3) *Discovery demands*: The Bankruptcy Court observed that "the Acthar Plaintiffs also admit that they would need to take discovery of the debtors' officers and directors in order to establish their claims . . ." and "ESI will need to defend itself . . . by pointing to the conduct of the debtors . . . ." *Id.* 47:15-20.

9. The Bankruptcy Court concluded that "[a]ny of these factors could have an adverse impact on the debtors' estates sufficient to establish jurisdiction . . . ." *Id.* at 47:23-25. The Bankruptcy Court further credited the testimony of the Debtors' witnesses who confirmed that continued prosecution of the Acthar Actions would also adversely impact the Debtors by risking loss of the restructuring support agreement ("RSA") and damaging the Debtors' businesses. *Id.* at 52:15-53:10.

10. Notably, if the Bankruptcy Court lifts the injunction after 270 days to permit Plaintiff to continue to prosecute its claims against the Express Scripts Entities, then the aforementioned adverse impacts will begin to accrue.

11. Mallinckrodt is filing notices of removal in two related state court actions: *International Union of Operating Engineers Local 542 v. Mallinckrodt ARD Inc., et al.*, Civil Action No. 2018-14059 (Pa. Ct. Com. Pl.) and *Health Care Service Corp. v. Mallinckrodt ARD LLC & Mallinckrodt PLC*, No. RG20056354 (Cal. Super. Ct.). Mallinckrodt also intends to file transfer motions in these three removed actions and in several related actions filed in federal court. By such motions, Mallinckrodt will seek to have the actions transferred to the United States District Court for the District of Delaware, where the Chapter 11 Cases are pending in the District's Bankruptcy Court.

## VENUE AND JURISDICTION

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123, 1391, 1441(a), and 1446(a) because the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial Circuit at Memphis is a state court within the Western District of Tennessee.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), because (i) the State Court Action is "related to" Mallinckrodt's bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware, and (ii) the resolution of any

claims in the State Court Action arises in the Chapter 11 cases and must be done in accordance with the Bankruptcy Code.

## LEGAL STANDARD

14. The federal statutes relevant to removal in the bankruptcy context are 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b). Pursuant to section 1452(a) of Title 28, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." In turn, section 1334(b) of Title 28 confers jurisdiction upon this Court of all civil proceedings that (i) arise in a chapter 11 case, (ii) arise under the Bankruptcy Code (title 11); or (iii) are related to cases under the Bankruptcy Code. *See* 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to* cases under title 11.") (emphasis added).

15. Plaintiff's State Court Action asserts claims against the Debtors, who are now under the protection of chapter 11 bankruptcy. The Bankruptcy Code provides for the allowance or disallowance of claims against a bankruptcy estate, *see* 11 U.S.C. § 502, and indeed the United States Bankruptcy Court for the District of Delaware has set a bar date for the Debtors' creditors—like Plaintiff here—to file proofs of claim. Thus, Plaintiff's State Court Action involves matters that currently are arising in the Debtors' bankruptcy case, and which will be determined in that case pursuant to the Bankruptcy Code.

16. Moreover, "related to" jurisdiction under Section 1334(b) is very broad. "[T]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* (June 3, 1996) (internal citations and quotation

marks omitted).  "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (internal citations and quotation marks omitted).

## GROUNDS FOR REMOVAL

17. This action constitutes a core proceeding pursuant to 28 U.S.C. § 157(b) as this is an action against Mallinckrodt and it is contingent or dependent upon claims against Mallinckrodt. *See* 28 U.S.C. § 157(b)(2) ("Core proceedings include, but are not limited to— (A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate . . . , and estimation of claims or interests for the purposes of confirming a plan under chapter 11 . . ."). To the extent the claims are non-core, Mallinckrodt consents to the Bankruptcy Court's adjudication of the claims involved pursuant to a final order.[2]

18. This Court has "arising in" and "arising under" jurisdiction, because the claims against Mallinckrodt are the subject of Mallinckrodt's bankruptcy case, and they must be resolved pursuant to the Bankruptcy Code. The Court also has "related to" jurisdiction over the State Court Action, because Mallinckrodt entities are named as defendants, and Plaintiff seeks a declaratory judgment and damages, which, if awarded, would be drawn from the bankruptcy estate. *See In re Kentuckiana Healthcare, LLC*, No. 3:12CV–705–S, 2014 WL 906121, at *1-2 (W.D. Ky. Mar. 7, 2014) (holding that this adversary proceeding was "related to" a bankruptcy proceeding where the plaintiff sought damages from the defendant-debtor); *KFC Corp. v. Wagstaff*, 502 B.R. 484, 500, 502 (W.D. Ky. June 20, 2013) (finding that a case is "related to" the bankruptcy proceeding where

---

[2] It is not even necessary, however, for this Court to determine whether this a core or non-core proceeding. By simply removing this case to federal court, the Debtors are not asking this Court to issue any final judgments or orders on issues that could be deemed core or non-core.

the plaintiff's claims "could result in numerous indemnification claims by the Defendants against" the debtors, which "could have a significant impact on the administration of the [] debtors' estates"). Thus, Plaintiff's claim certainly "could conceivably have an[] effect on the estate being administered in bankruptcy." *In re Dow Corning Corp.*, 86 F.3d at 489.

19. The Court also has "related to" jurisdiction over the Plaintiff's claims against the Express Scripts Entities in the State Court Action for all of the reasons described above on which the Bankruptcy Court relied to find it has "related to" jurisdiction under Section 1334(b) in connection with granting the Supplemental Motion. Simply put, "when the plaintiff alleges liability resulting from the joint conduct of the debtor and non-debtor defendants, bankruptcy jurisdiction exists over all claims under section 1334." *In re Wood*, 825 F.2d 90, 94 (5th Cir. 1987). Furthermore, Plaintiff is collaterally estopped from disputing whether there is "related to" jurisdiction, given the Bankruptcy Court's ruling. *See Lloyd's Acceptance, Corp. v. Carroll Prop. Mgmt., LLC*, No. 2:17-cv-CV-02203-SHM-tmp, 2018 WL 3132621, at *7 (W.D. Tenn. June 26, 2018) (finding that once an issue of fact has been determined by the Court after a full and fair opportunity to litigate, collateral estoppel will apply to prevent needless, duplicative litigation); *Gilbert v. Ferry*, 413 F.3d 578, 580-81 (6th Cir. 2005) (same). Thus, the State Court Action in its entirety indisputably is "related to" Mallinckrodt's Chapter 11 Cases.

20. Although there is no need to delve deeper into an analysis of these issues given the preclusive effect of the Bankruptcy Court's order on "related to" jurisdiction, that ruling clearly was correct:

21. ***First***, the potentiality of an indemnity obligation to the Express Scripts Entities certainly could impact the bankruptcy estate, establishing jurisdiction under 28 U.S.C. §§ 1334 and 1452. *See In re Dow Corning Corp.*, 86 F.3d at 494 (finding that indemnity agreement

conferred federal court jurisdiction over state court action); *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 323 F. Supp. 2d 861, 868-69 (S.D. Ohio 2004) (same). Indeed, the Bankruptcy Court found "related to" jurisdiction solely on the basis of this potential indemnity claim. *See* Ex. 7 (Supplemental Motion Hr'g Tr.) at 46:21–24 ("Therefore*, based solely on the existence of potential contractual indemnification claims*, the Court has subject matter jurisdiction.") (emphasis added).

22. **Second**, if the stay is lifted as to the Plaintiff's claims against the Express Scripts Entities before Mallinckrodt's reorganization is complete, the impact of discovery would have a meaningful consequence and burden on the estate, satisfying the test for "related to" jurisdiction. *See In re Reliance Acceptance Grp., Inc.*, No. 98–288 (PJW), ADV. A–98–310, 2000 WL 33712305, at *5 (Bankr. D. Del. Dec. 6, 2000) ("[Plaintiff's] claims against [co-defendant] are based on [co-defendant's] alleged improper conduct engaged in with [the debtor]. The discovery in the litigation will therefore directly implicate [the debtor] and interfere with its ability to conclude the consummation of its Plan.").

23. **Third**, Mallinckrodt's conduct is at the core of the claims against the Express Scripts Entities. Thus, even if the claims against Mallinckrodt are stayed, prosecution of the State Court Action against only the Express Scripts Entities "is essentially a suit against" Mallinckrodt. *See In re W.R. Grace & Co.*, 386 B.R. 17, 30 (Bankr. D. Del. 2008). Prosecution of the State Court Action risks record taint and collateral estoppel that numerous courts have held adversely affect debtors' reorganization. *See, e.g., W.R. Grace*, 386 B.R. at 35 (risks of collateral estoppel and record taint "encumber the estates with additional litigation burdens from which the stay specifically protects them"); *Sudbury*, 140 B.R. at 464-65 (debtor's legitimate indemnity and collateral estoppel concerns would require it to defend action, substantially hindering debtor's

reorganization). Indeed, the State Court Action could have material effects on Mallinckrodt down the line, establishing jurisdiction under 28 U.S.C. §§ 1334 and 1452.

24. This is consistent with the general principle of removal which includes claims within a common nucleus of facts. Federal courts may decide not only claims within their original jurisdiction but also other claims as long as they all "derive from a common nucleus of operative fact." *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694 (6th Cir. 2017) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131-32 (1995) (Ginsburg, J., concurring) ("Congress, when it added § 1452 to the Judicial Code chapter on removal of cases from state courts . . . meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases."). Here, each of Plaintiff's claims "derive from" an alleged conspiracy between Mallinckrodt and the Express Scripts Entities related to Acthar. *See also* Ex. 7 (Supplemental Motion Hr'g Tr.) at 49:10–16 ("[T]he unmistakable focus of the actions is an alleged conspiracy between the ESI defendants and the debtors to exploit a monopoly controlled by the debtors. These allegations, the debtors argue, are sufficient to show an identity of interest between the ESI defendants and debtors. I agree with the debtors."). Because it is Mallinckrodt's "operations and conduct . . . that are at the core of the issues raised in" the State Court Action, Mallinckrodt and the Express Scripts Entities share an identity of interest, establishing jurisdiction under 28 U.S.C. §§ 1334 and 1452. *See W.R. Grace*, 386 B.R. at 30-31; *see also In re Cont'l Airlines*, 177 B.R. 475, 479-80 (D. Del. 1993) ("[T]he substantive allegations raised in the pleadings filed by plaintiffs . . . demonstrate that [the debtor] is the alleged wrongdoer in those actions and that there is an identity of interest between [the debtor] and the parties-defendant therein.").

25. ***Last***, the State Court Action is "related to" Mallinckrodt's bankruptcy action because prosecution of the State Court Action against the Express Scripts Entities would adversely impact Mallinckrodt's ability to reorganize. As noted above, the Bankruptcy Court found that there was a substantial risk to Mallinckrodt's ability to reorganize if Acthar Actions like this one are allowed to go forward. *See* Ex. 7 (Supplemental Motion Hr'g Tr.) at 45:8–22. As the Bankruptcy Court found, if the Acthar Actions proceed even against the Express Scripts Entities, they will cause a "disruption of the debtors' reorganization by causing other parties that have agreed to a stay to their actions to walk away, including potentially withdrawing from the [Restructuring Support Agreement]." *Id*. at 45:19–22. Although the claims against the Express Scripts Entities currently are stayed, and no discovery or litigation will occur in this Court in the near term, the injunction staying Plaintiff's claims against the Express Scripts Entities is temporary and may not be renewed after 270 days, at which time Mallinckrodt could still be in the midst of reorganizing. Moreover, Plaintiff could move to lift the injunction for cause at any time to permit this Action to proceed, against either Mallinckrodt or the Express Scripts Entities or both. Indeed, Plaintiff's counsel represented to Mallinckrodt's bankruptcy counsel that he intends to move to lift the stay in several other Acthar Actions imminently to permit the district courts in those cases (which are putative class actions) to adjudicate class certification. Thus, there clearly is "related to" jurisdiction over Plaintiff's claims against the Express Scripts Entities, because if the stay is lifted after 270 days (or otherwise), this could put Mallinckrodt's restructuring at risk.

26. Accordingly, for all the reasons above, Mallinckrodt may remove the State Court Action to this Court pursuant to Section 1452(a) of Title 28, because claims against Mallinckrodt are the subject of Mallinckrodt's bankruptcy and must be resolved pursuant to the Bankruptcy Code. This Court also has "related to" jurisdiction over Plaintiff's claims against Mallinckrodt,

Plaintiff's claims against the Express Scripts Entities, and the ESI's indemnification claims against Mallinckrodt pursuant to Section 1334(b).

## ADDITIONAL REQUIREMENTS

27. Mallinckrodt submits that the Notice of Removal is timely, as it was filed "within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." Fed. R. Bankr. P. 9027(a)(2); *see also Church Joint Venture v. Graphic Enhancement Techs. Corp.*, Nos. 13–1042, 13–2078, 2013 WL 3929725, at *3 (W.D. Tenn. July 29, 2013) (applying Federal Rule of Bankruptcy Procedure 9027 to determine timeliness of removal).

28. Although consent of all parties is not necessary for removal pursuant to 28 U.S.C § 1452(a), *McKinstry v. Sergent*, 442 B.R. 567, 577 (E.D. Ky. 2011) (collecting cases), the Express Scripts Entities have consented to this removal.

29. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), this Notice of Removal is being filed with the clerk for the district and division within which the State Court Action is located.

30. Pursuant to Federal Rule of Bankruptcy Procedure 3027(a)(1), this Notice of Removal is signed pursuant to Federal Rule of Bankruptcy Procedure 9011 and contains a short and plain statement of the facts that entitle Mallinckrodt to remove.

31. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), Mallinckrodt consents to entry of final orders or judgments by the bankruptcy court.

32. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), a copy of the State Court Action docket is attached hereto as Exhibit 8, and a copy of all process, pleadings, and orders served on Mallinckrodt or filed in the State Court Action is attached hereto as Exhibit 9.

33. Pursuant to Federal Rule of Bankruptcy Procedure 9027(b), Mallinckrodt will promptly serve a copy of this filed Notice of Removal on all parties to the State Court Action.

34. Pursuant to Federal Rule of Bankruptcy Procedure 9027(c), Mallinckrodt will promptly file a copy of this Notice of Removal with the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial Circuit at Memphis.

**WHEREFORE**, Mallinckrodt hereby removes the State Court Action from the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial Circuit at Memphis to the United States District Court for the Western District of Tennessee.

Dated: January 8, 2021     Respectfully Submitted,

/s/ Danile W. Van Horn

Daniel W. Van Horn (#18940)
Diana M. Comes (#30112)
Kathryn K. Van Namen (#31322)
**BUTLER SNOW LLP**
6075 Poplar Avenue, 5th Floor
Memphis, TN 38119
T: (901) 680-7200
F: (901) 680-7201
Danny.VanHorn@butlersnow.com
Diana.Cornes@butlersnow.com
Kate.VanNamen@butlersnow.com


Matthew M. Wolf*
Lauren S. Shores*
Sonia K. Pfaffenroth*
**ARNOLD & PORTER KAYE SCHOLER LLP**

601 Massachusetts Avenue, NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999
matthew.wolf@arnoldporter.com
laura.shores@arnoldporter.com
sonia.pfaffenroth@aronldporter.com

D. Eric Shapland*
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
T: (213) 243-4000
F: (213) 243-4199
eric.shapland@arnoldporter.com

***Attorneys for Defendants Mallinckrodt ARD LLC and Mallinckrodt plc***

\* Denotes national counsel who will seek *pro hac vice* admission

## **CERTIFICATE OF SERVICE**

I, Daniel W. Van Horn, attorney for Defendant Mallinckrodt, certify that a true and correct copy of the foregoing motion has been sent via e-mail, via U.S. Mail, postage prepaid, and the Court's CM/ECF filing system this 8th day of January, 2021 to the following:

| | |
|---|---|
| Patrick M. Ardis, Esq.<br>Daniel V. Parish, Esq.<br>**WOLF ARDIS, P.C.**<br>5810 Summer Oaks Drive<br>Memphis, Tennessee 38134<br>pardis@wolfardis.com<br>dparish@wolfardis.com | Daniel B. Brown, Esq.<br>**TAYLOR ENGLISH DUMA, LLC**<br>1600 Parkwood Circle, SE<br>Suite 200<br>Atlanta, GA 30339<br>dbrown@taylorenglish.com |
| Donald E. Haviland, Jr., Esq.<br>William H. Platt II, Esq.<br>**HAVILAND HUGHES**<br>201 S. Maple Way, Suite 110<br>Ambler, PA 19002<br>haviland@havilandhuges.com<br>platt@havilandhuges.com<br><br>*Counsel for Plaintiff Acument Global Technologies, Inc.* | Kirk A. Caraway, Esq.<br>**ALLEN, SUMMERS, SIMPSON, LILLIE & GRESHAM, PLLC**<br>80 Monroe Avenue, Suite 650<br>Memphis, TN 38103<br>kcaraway@allensummers.com<br><br>*Counsel for Dr. Tumlin* |
| Nathan A. Bicks, Esq.<br>William D. Irvine, Jr., Esq.<br>Lani D. Lester, Esq.<br>**BURCH, PORTER & JOHNSON, PLLC**<br>130 North Court Avenue<br>Memphis, TN 38103<br>nbicks@bpjlaw.com<br>wirvine@bpjlaw.com<br>llester@bpjlaw.com<br><br>*Counsel for Express Scripts Defendants* | Eric C. Lyttle, Esq.<br>Michael D. Bonanno, Esq.<br>Ethan C. Glass, Esq.<br>Meghan A. McCaffrey, Esq.<br>Michael Lyle, Esq.<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street, NW<br>Washington, D.C. 2005<br>*ericlyttle@quinnemanuel.com*<br><br>*Counsel for Express Scripts Defendants* |

    s/ Daniel W. Van Horn_____
    Daniel W. Van Horn