# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ACUMENT GLOBAL TECHNOLOGIES, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. 2:21-cv-02024-JTF-tmp |
| MALLINCKRODT ARD INC., ET AL, | ) ) ) |
|     Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT MALLINCKRODT'S MOTION TO TRANSFER VENUE AS MOOT

Before the Court is Plaintiff Acument Global Technologies's Motion to Remand, filed on February 8, 2021. (ECF No. 8.) Defendants Mallinckrodt ARD Inc., and Mallinckrodt PLC (collectively "Mallinckrodt" or "Defendants") filed a Response in Opposition on February 22, 2021. (ECF No. 13.) In addition to opposing Plaintiff's Motion to Remand, Mallinckrodt filed a Motion to Transfer Venue to the U.S. Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court") on January 28, 2021. (ECF No. 7.) For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Remand. As a result, Mallinckrodt's Motion to Transfer Venue is denied as **MOOT**.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2019, Plaintiff filed an action in Circuit Court of Shelby County, Tennessee ("State Court Action") against Defendants alleging they engaged in an unlawful scheme to raise the price of Mallinckrodt's Acthar® Gel pharmaceutical product (ECF No. 1.) Defendant Express Scripts Entities assert that Mallinckrodt owes them contractual indemnity for the claims asserted

against the Express Scripts Entities in the State Court Action. (*Id*. at ¶ 3.) On October 12, 2020 Mallinckrodt commenced bankruptcy proceedings in Delaware Bankruptcy Court for relief under chapter 11. (*Id.* at ¶ 5.) On October 13, 2020, Mallinckrodt filed on the State Court Action docket a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings stating that it had filed for bankruptcy, and the State Court Action was stayed. (*Id*. at ¶ 6.) Contemporaneously in Bankruptcy Court, Mallinckrodt filed an Amended Complaint and Supplemental Motion for Injunctive Relief pursuant to 11 U.S.C. § 105 ("Supplemental Motion"), seeking relief with respect to certain pre-petition proceedings commenced against third parties inextricably bound to Mallinckrodt, including this State Court Action. (*Id*. at ¶ 7.) On November 23, 2020, the Bankruptcy Court granted both motions. (*Id*.) In the context of granting the Supplemental Motion, the Bankruptcy Court found that it has "related to" jurisdiction over Plaintiff's claims against the Express Scripts Entities pursuant to 28 U.S.C. § 1334(b). (*Id*. at ¶ 8.) With respect to the Supplemental Motion, the Bankruptcy Court entered a 270-day injunction staying the plaintiffs in the Acthar Actions and other lawsuits from pursuing claims related to Acthar against certain non-debtor parties. (*Id.* ¶ 7.)

On January 28, 2021, Mallinckrodt filed a Motion to Transfer Venue to Delaware Bankruptcy Court. (ECF No. 7.) On February 8, 2021, Plaintiff filed a Motion to Remand to State Court. (ECF No. 8.) On March 17, 2022, the Delaware Bankruptcy Court entered an order partially lifting the previously issued injunction, allowing plaintiffs to proceed in their separate actions against Defendant Express Scripts. (ECF No. 27-1, 4.)

## LEGAL STANDARD

## MOTION TO REMAND

Title 28 U.S.C. § 1446(a) provides that "[a] defendant desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division

within which such action is pending a notice of removal[.]" Such notice of removal must be filed with the proper district court within thirty (30) days of the defendant receiving a copy of the initial pleading, "through service or otherwise." 28 U.S.C. § 1446(b)(1). The "otherwise" language does not mean that the thirty-day time limit is triggered "by the defendant's mere receipt of the complaint unattended by formal service of process[;]" instead, since effective service is necessary for federal personal jurisdiction, the defendant's thirty-day limit "is triggered by simultaneous service of the summons and complaint, or the defendant's receipt of the complaint 'through service or otherwise' after and apart from the service of summons[.]" *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002) (citing *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)). As a final requirement, "[p]romptly after the filing of such notice of removal . . . the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ." 28 U.S.C. § 1446(d).

For cases relating to bankruptcy proceedings, federal district courts have original and exclusive jurisdiction of all cases under title 11. 28 U.S.C. §1334(a). Additionally, federal district courts have original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Dow Cornin Corp.*, 86 F.4d 482, 489 (6th Cir. 1996).

**MOTION TO TRANSFER VENUE**

28 U.S.C. § 1404(a) states that,

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

3

Relatedly, 28 U.S.C. § 1406(a) states that,

> [t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The moving party bears the burden of showing, by a preponderance of the evidence, that another district court is a more convenient forum. *See Waal v. AFS Techs., Inc.,* No. 14-94, 2014 WL 1347794, at *5 (W.D. Mich. Apr. 4, 2014); *see also Perceptron, Inc. v. Silicon Video, Inc.,* 423 F.Supp.2d 722, 729 (E.D. Mich. 2006) (quoting *Thomas v. Home Depot U.S.A., Inc.,* 131 F.Supp.2d 934, 936 (E.D. Mich. 2001) ("The moving party bears the burden of demonstrating that, in light of these factors, 'fairness and practicality strongly favor the forum to which transfer is sought'")). In determining whether to grant a motion to transfer, the district court has broad discretion in considering "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991)(internal citation omitted). If the court determines that the motion to transfer will only shift the inconvenience of the forum from one party to the other, then the district court should not grant the motion.

## LEGAL ANALYSIS

### MOTION TO REMAND

Defendants removed this case from state court pursuant to 28 U.S.C §§ 1334(b) and 1452, arguing that the Court has jurisdiction because this matter is "related to" Defendant's bankruptcy proceeding in Delaware Bankruptcy Court. (ECF No. 1, ¶ 12.) Defendants further assert that the claims against Mallinckrodt are the subject of Mallinckrodt's bankruptcy case, and they must be resolved pursuant to the Bankruptcy Code. (*Id.* ¶ 13.) Plaintiff filed a timely motion to remand

4

asserting that this Court lacks subject-matter jurisdiction and that even if jurisdiction were present, this Court is required to abstain from taking any action. (ECF No. 8-1, 12-24.) The Court agrees with Plaintiff.

Initially, it appears that this Court lacks subject matter jurisdiction. Plaintiff brought six claims exclusively under Tennessee law. (ECF 8-1, 5.) Thus, Plaintiff's claims do not invoke federal question jurisdiction. Also, the parties appear to be nondiverse. Absent possible jurisdiction under § 1334(b), this Court has no other basis for subject-matter jurisdiction over this matter. Also, upon review of Defendant's Notice of Removal, the Court concludes that even if subject matter jurisdiction was established pursuant to 28 U.S.C §§ 1334(b), mandatory abstention under 28 U.S.C. § 1334 (c)(2) requires the Court to abstain from hearing the case. § 1334 (c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Mandatory abstention applies when: (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) federal courts would not have jurisdiction absent its relation to a bankruptcy case; and (4) the action can be timely adjudicated in the state forum. *In re Dow Cornin Corp.*, 86 F.4d at 497. Thus, even if the Court were to accept Mallinckrodt's argument that the case is removable because it "relates to" the bankruptcy proceeding in Delaware, the Court must abstain. Accordingly, Plaintiff's Motion to Remand to the Circuit Court of Shelby County, Tennessee is **GRANTED**.

## MOTION TO TRANSFER VENUE

Subsequent to removing this matter to federal court, Mallinckrodt filed a Motion to Transfer Venue to the United States District Court for the District of Delaware. (ECF No. 7.) Defendants support their motion to transfer by asserting that: (1) this action arises under the Bankruptcy Code pursuant to 28 U.S.C. § 1334; (2) Bankruptcy Court is best positioned to resolve the claims; and (3) judicial economy and efficiency call for transfer, so that a single court can handle all Acthar Actions. (ECF No. 7-1, 2-3.)

Mallinckrodt's Motion to Transfer Venue is a reiteration of its Notice of Removal. (*See* ECF Nos. 1 & 7.) In essence, Mallinckrodt argues transfer to Delaware Bankruptcy Court because the claims against Mallinckrodt relate to Defendants' bankruptcy proceedings in Delaware, pursuant to 28 U.S.C. § 1334. However, the Court finds that mandatory abstention prohibits this matter from being adjudicated in any federal court. Considering that the Court does not find jurisdiction suitable for district court, it will be inconsistent to therefore grant removal to Delaware Bankruptcy Court. If the court were to transfer this matter, mandatory abstention would also bar that Court from resolving the matter between the parties. The Court's reasoning for remand and denial of the motion to transfer is also consistent with the fact that the Delaware Bankruptcy Court lifted its previously issued injunction, allowing plaintiffs to proceed in their claims related to Acthar against Express Scripts and its affiliated co-defendants. (ECF No. 27, 1.) The Delaware Bankruptcy Court addresses this matter specifically in the order lifting the injunction, thus allowing Plaintiff in this matter to procced. (ECF No. 27-1, n. 4.) In the interests of convenience of the parties and judicial efficiency pursuant to 28 U.S.C. § 1406(a), the Court finds that Mallinckrodt's Motion to Transfer Venue shall be denied as **MOOT**.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand to the Circuit Court of Shelby County, Tennessee is **GRANTED**. Thus, Mallinckrodt's Motion to Transfer Venue is denied as **MOOT**.

**IT IS SO ORDERED** this 29th day of September, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
